```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALEXANDER NINO GONZALEZ,

                Plaintiff,
                                            MEMORANDUM AND ORDER
        -against-
                                            15-CV-2961 (KAM) (LB)
CHRISTOFER SHAHNOON, ICE NYC
DISTRICT; JEH JOHNSON; and LORETTA
LYNCH,

                Defendants.
----------------------------------X
```
**MATSUMOTO, United States District Judge:**

Pro se plaintiff Alexander Nino Gonzalez, formerly incarcerated at Cape Vincent Correctional Facility, commenced this action on May 19, 2015, against Immigration and Customs Enforcement ("ICE") Official, Christopher Shanahan,[1] United States Department of Homeland Security ("DHS") Secretary Jeh Johnson, and United States Attorney General Loretta Lynch, alleging violations of his constitutional rights.[2] (ECF No. 1,

---

[1] As of October 8, 2015, the docket reflects that plaintiff is in custody at the Buffalo Federal Detention Facility in Batavia, New York. However, plaintiff's letters to the court indicate that he was removed to Colombia on September 28, 2015. The complaint's caption lists "Christofer Shahnoon, ICE, New York District" as a defendant. The court construes the complaint to allege claims against ICE official Christopher Shanahan.

[2] Plaintiff previously filed a complaint in this court on February 13, 2015, alleging constitutional violations by federal officials and a New York City detective in connection with his deportation proceedings in October and November of 2014. *Gonzales v. Sagerman, et al.*, No. 15-cv-825. In the 15-cv-825 action, the court dismissed plaintiff's claims against the United States Immigration Judge and the Consul-General on the basis of absolute judicial and consular immunity, but allowed plaintiff's claims against Detective Toro of the New York Police Department. The court granted leave for plaintiff to file an amended complaint, which he filed on March 24, 2015. In the 15-cv-825 action, on September 11, 2015, the court ordered plaintiff to "refrain from filing anything with the Court at this time," as Detective

Complaint ("Compl.").) Although plaintiff brings his claims under 42 U.S.C. § 1983, he has named federal officials as defendants. Accordingly the court also construes his *pro se* complaint to allege claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 (1971). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, plaintiff's claims are dismissed for failure to state a claim and plaintiff is granted sixty (60) days from the date of this order to amend his complaint consistent with this Order.

## BACKGROUND

The following factual allegations are taken from the complaint.[3] Plaintiff was involved in a deportation proceeding at some point between 2013 and 2014, which he titles *Immigration v. Alexander Gonzalez*. (Compl. at 4.) Plaintiff also alleges that the Department of Homeland Security ("DHS") was involved in

---

Toro "is in the process of being served" and "the Court will schedule a conference once the defendant has been served and responds to plaintiff's complaint." (15-cv-825, ECF No. 16, Order dated 9/11/15.)
[3] Since filing his complaint in this action, plaintiff has filed several letters in support of his claims, reiterating certain facts alleged in the complaint and providing additional argument. (*See* ECF Nos. 6, Undated Letter filed on 7/15/15; 7, Plaintiff's Request for Reconsideration and Other Relief dated 8/31/15 ("8/31/15 Ltr."); 8, Affidavit of Service dated 8/31/15; 9, Plaintiff's Request for Asylum dated 9/11/15.) These subsequent letters allege that Mr. Gonzalez was detained by ICE following a criminal conviction in New York state court for petit larceny, and that his wrongful detention, denial of asylum, and deportation proceedings were conducted in violation of his constitutional rights to due process and equal protection. (ECF No. 7, 8/31/15 Ltr. at 2-3, 5.) Moreover, he alleges that his rights were violated when he was not advised of his rights to contact the consulate of Colombia. (*Id.* at 1; ECF No. 9, Plaintiff's Request for Asylum at 2-3.)

2

the proceeding.  (*Id.*)  Plaintiff alleges that during the course of his "video court proceeding" between "December 20th 2013 through August 20th 2014," there is an "issue of whether [he] knowingly understood with respects to his deportation hearing," and that the "court" failed to inquire and determine whether he was competent to proceed with the deportation proceedings and failed to advise him of his due process rights.  (*Id.*)  After "a total breakdown" in communication about the unspecified rights, the "court" adjourned "because both parties were frustrated during [the] proce[ss]."  (*Id.*)  After the adjournment, the court still did not advise plaintiff of his "Rights of Due Process [*sic*] in the DHS," and "simply asked the DHS if they had informed Mr. Gonzalez [of his rights]," to which DHS responded, "yes."  (*Id.*)  Plaintiff alleges that, without further inquiry, the court "proceeded with further questions," but never asked the Department of Homeland Security "when . . . they advised [plaintiff of his rights] to insure [*sic*] when this was done [and] in what hearing . . . ."  (*Id.*)  Plaintiff also alleges that during these proceedings, plaintiff referred to his "Rights of Due Process."  (*Id.*)

Construed liberally, plaintiff's complaint alleges that his due process rights and constitutional rights under the 5th, 6th and 14th Amendments were violated when a "breakdown in the process of the proceedings" resulted in plaintiff's "lack of

3

understanding of the proceedings and ignoring all the errors." (Compl. at 5.) Thus, plaintiff seeks $77 million in damages based on his lack of understanding of the deportation proceedings, defendants' knowing violation of his rights under the Fifth, Sixth, and Fourteenth Amendments, and defendants' failure to recognize "all the errors."[4] (Compl. at 4–5.)

**I.  Discussion**

**A.  Standard of Review**

The Prison Litigation Reform Act of 1996 ("PLRA") and the *in forma pauperis* statute require that a district court dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 29 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted). The PLRA requires that the court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a

---

[4] Subsequent letters filed by plaintiff also suggest that he is seeking asylum in an effort to suspend his imminent deportation. (ECF No. 9, Plaintiff's Request for Asylum at 1-2.)

4

complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A.

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Indeed, a court must construe a *pro se* complaint "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Sec. (USA) LLC,* 728 F.3d 139, 142–43 (2d Cir. 2013). If a liberal reading of the complaint "gives any indication that a valid claim might

be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).[5]

B.  **Plaintiff's Section 1983 Claims**

In support of his claims, plaintiff cites 42 U.S.C. § 1983 ("Section 1983"). To sustain a claim for relief under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 claims generally must be brought against the individuals personally responsible for the alleged deprivation of constitutional rights, not against the government entities or agencies where those individuals are employed. A plaintiff seeking to recover money damages "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556

---

[5] Certain jurisdictional infirmities may preclude the court's consideration of the merits of this case. For example, if the issues in this case are intertwined with those raised in an immigration court proceeding that led to a Board of Immigration Appeals decision, jurisdiction to challenge that decision would lie solely in the Second Circuit. *See* 28 U.S.C. § 1252(a)(5); *Scott v. Napolitano*, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) ("Short and simple, if an alien seeks review of a final order of removal, regardless of how the alien's claim for relief is styled, jurisdiction rests exclusively with the appropriate court of appeals." (citation omitted)). Without a more thorough understanding of the nature of plaintiff's allegations and a more developed record, however, the court will not dismiss this case for lack of jurisdiction.

6

U.S. at 678.

For Section 1983 purposes, "[t]he traditional definition of acting under color of state law requires that the defendant . . . have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Arar v. Ashcroft*, 585 F.3d 559, 568 (2d Cir. 2009) (alteration in original) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988)). Importantly here, acting under color of state law differs from acting under color of federal law. As a result, "since 'federal officials typically act under color of *federal* law,' they are rarely deemed to have acted under color of state law." *Id.* (quoting *Strickland ex rel. Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997)). Nevertheless, "[a] federal officer who conspires with a state officer may act under color of state law . . . ." *Id.* (citing *Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 154 (2d Cir. 2006)).

Plaintiff's complaint fails to state a Section 1983 claim against the federal-employee defendants because he fails to allege that their individual conduct or personal involvement in the alleged deportation proceeding resulted in a violation of plaintiff's constitutional rights. Moreover, even if plaintiff had alleged facts against the named defendants, as federal officials, he would be required to show they were acting under

7

color of state law when the alleged violation of plaintiff's rights occurred. *See Arar*, 585 F.3d at 568. Although it is possible a federal official could act under color of state law, even a liberal reading of the complaint makes no reference to state officials or their involvement in plaintiff's federal deportation proceeding. Because plaintiff has failed to allege a Section 1983 claim with respect to any federal defendant, the claims are dismissed without prejudice.

    C.    **Plaintiff's *Bivens* claims**

Although plaintiff pleads only that defendants violated his rights under Section 1983, the court will interpret plaintiff's complaint liberally to allege a cause of action against the federal defendants under the framework of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 (1971). *See Herbst v. U.S. Postal Serv.*, 953 F. Supp. 2d 463, 466 (E.D.N.Y. 2013) ("Although plaintiff pleads only that defendants violated his rights under § 1983, the Court will interpret the complaint liberally to allege a cause of action under *Bivens*." (internal citation omitted)); *Spinale v. U.S. Dep't of Agric.*, 621 F. Supp. 2d 112, 119 (S.D.N.Y. 2009) ("Where a plaintiff brings a Section 1983 claim against federal defendants in error, the proper course of action is to construe the complaint as stating a cause of action under *Bivens*." (internal citation omitted)).

In *Bivens*, "the Supreme Court created a cause of action for violations of the Constitution by persons acting under the color of federal law." *See Storms v. Dep't of VA*, No. 13-CV-811, 2015 WL 1196592, at *6 (E.D.N.Y. Mar. 16, 2015) (citing *Iqbal*, 556 U.S. at 675 ("In *Bivens* — proceeding on the theory that a right suggests a remedy — this Court 'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" (citations omitted))). "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." *Turkmen v. Hasty*, 789 F.3d 218, 234 (2d Cir. 2015) (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001)). "[T]he Supreme Court made it clear in *Iqbal* that a federal tortfeasor's *Bivens* liability cannot be premised on vicarious liability." *Id.* (citing *Iqbal*, 556 U.S. at 676).

Thus, to state a *Bivens* claim, "Plaintiff[] must plausibly plead that each Defendant, 'through the official's own individual actions,' violated Plaintiffs' constitutional rights. In other words, *Bivens* relief is available only against federal officials who are personally liable for the alleged constitutional tort." *Turkmen*, 789 F.3d at 233 (quoting *Iqbal*, 556 U.S. at 676-77). A plaintiff can allege a defendant's personal involvement by pleading that the defendant: (1) participated directly in the alleged constitutional violation;

(2) failed to remedy the wrong after being informed of the violation through a report or appeal; (3) created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir. 1995) (citing *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir. 1994)); *Sanusi v. Dep't of Homeland Sec.*, No. 06-CV-2929, 2010 WL 10091023, at *7 (E.D.N.Y. Dec. 1, 2010) *report and recommendation adopted as modified,* No. 06-CV-2929, 2014 WL 1310344 (E.D.N.Y. Mar. 31, 2014).

*Bivens* claims against federal officials in their official capacity are barred by the sovereign immunity doctrine. *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("[Plaintiff's] claims against AAFES and the individual federal defendants in their official capacities were properly dismissed on the ground of sovereign immunity. . . . Such [a *Bivens* action] must be brought against the federal officers involved in their individual capacities."); *Wright v. Condit*, No. 13-CV-2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015) ("*Bivens* claims do not lie against federal employees in their official capacities, because such suits are considered

actions against the United States, and are barred by the doctrine of sovereign immunity.") (citing *Robinson*, 21 F.3d at 510).

Plaintiff's complaint fails to state a *Bivens* claim against any of the defendants. Plaintiff's *Bivens* claims against defendants in their official capacities are barred by the doctrine of sovereign immunity, and are dismissed with prejudice. *DeBoe v. DuBois*, 503 F. App'x 85, 88-89 (2d Cir. 2012) (affirming dismissal of *pro se* plaintiff's *Bivens* claims against ICE officials without leave to amend where the theory of liability was construed to be supervisory and amendment as to the federal defendants would be futile). Further, although the complaint describes a federal deportation proceeding wherein plaintiff's constitutional rights were allegedly violated, plaintiff does not allege any claims against the named defendants in their individual capacities, nor does he identify any defendant, or any individual actor, that he believes is responsible for the alleged constitutional violations. Even a liberal reading of the complaint fails to suggest that any of the defendants are connected to his deportation proceeding. Thus, plaintiff has failed to state a *Bivens* claim against the defendants in their individual capacities and the court dismisses these claims without prejudice. Mindful of plaintiff's *pro se* status, the court grants plaintiff leave to

amend his complaint within sixty (60) days of the date of this memorandum and order. The original complaint suggests that plaintiff perceived some constitutional infirmity during his detention and deportation proceeding that must be more clearly pleaded with respect to each named defendant. *See Grullon*, 720 F.3d at 141–42; *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002).

Plaintiff is advised that if he elects to file an amended complaint, it must contain a brief factual description of the events giving rise to his Section 1983 or *Bivens* claims and each event should be described in a separate numbered paragraph. For each defendant that plaintiff names in the caption of the Amended complaint, plaintiff must include a brief description of what each defendant, not their agency or department, did or failed to do, and how each defendant's act or omission caused him injury. If plaintiff wishes to bring claims against a defendant and does not know the name of the individual, he may identify such individual as John or Jane Doe, and to the best of his ability describe the physical characteristics of said individual.

Plaintiff is further advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, it is important that plaintiff include in the amended

complaint all the necessary information that was contained in the original complaint, except that he should not include claims against defendants in their official capacities because those claims are dismissed.  The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order.

**CONCLUSION**

Plaintiff's *Bivens* claims against Shanahan, Johnson, and Lynch in their official capacities are dismissed with prejudice for failure to state a claim, 28 U.S.C. § 1915A, and these claims may not be re-pleaded.  Plaintiff's claims against Shanahan, Johnson, and Lynch in their individual capacities are also dismissed without prejudice and plaintiff is granted leave to re-plead his claims within sixty (60) days of the date of this memorandum and order if, as discussed above, plaintiff can allege that each defendant's individual actions led to the alleged constitutional violations.

No summons shall issue at this time and all further proceedings shall be stayed for sixty days.  If plaintiff fails to amend his complaint within sixty days as directed by this Order, the court will dismiss the action.  If plaintiff files an amended complaint within sixty days of this order, the Clerk of Court is respectfully requested to issue a summons to the named defendant(s), and the United States Marshals Service is directed

to serve the complaint, this order, and the summons on the defendants. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to serve a copy of this order on plaintiff at his last known address.

**SO ORDERED.**

                                                  ____/s/__
                                                  KIYO A. MATSUMOTO
                                                  United States District Judge

Dated:   October 16, 2015
           Brooklyn, New York